U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 2 2 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **VANESSA HUREN** | : | **DOCKET NO. 2:07 CV 1255** |
| **VS.** | : | **JUDGE MINALDI** |
| **EMPLOYERS MUTUAL CASUALTY COMPANY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment [doc. 21] filed by the defendant, Employers Mutual Casualty Company ("Employers Mutual"). The plaintiff filed an Opposition [doc. 27]. Employers Mutual filed a Reply [doc. 30]. The trustee, Rudy Young, filed a Supplemental Memorandum in Opposition [doc. 47]. This matter has been fully briefed and is ready for disposition.

Facts

Employers Mutual issued a homeowners insurance policy[1] to the plaintiff, Vanessa Huren ("Huren"), insuring her property located at 2417 Oak Park Boulevard, Lake Charles, Louisiana. The term of the policy was July 1, 2005 through July 1, 2006.

On September 24, 2005, Hurricane Rita struck portions of southwest Louisiana, causing the plaintiff certain property losses covered under her policy.[2] The plaintiff and Employers Mutual have

---

[1] Certified copy of the policy is attached to the Motion for Summary Judgment as Exhibit "A."

[2] Documents concerning property losses are attached to the Motion for Summary Judgment as Exhibit "E."

disagreed as to the amount of loss. The plaintiff filed suit against Employers Mutual in state court and the defendant removed the case to this court based upon diversity of citizenship jurisdiction.

During the plaintiff's deposition[3] on December 9, 2007, it was discovered that she had filed a Chapter 7 bankruptcy case[4] in the Lake Charles Division of the Western District of Louisiana Bankruptcy Court. The plaintiff's bankruptcy case was filed on October 16, 2005, three weeks after Hurricane Rita. In her bankruptcy petition, the plaintiff asserted that she had no interest in any insurance policies at the time of filing. Huren also failed to indicate that she had filed a claim with Employers Mutual for damages from Hurricane Rita. As a part of her petition, the plaintiff signed a declaration that she had read her petition and that it was true to the best of her knowledge.[5] Huren was granted a discharge on May 22, 2006.

Employers Mutual brings the instant motion for summary judgment seeking to invoke the doctrine of judicial estoppel, arguing that the plaintiff has taken inconsistent positions in separate legal proceedings and should thus be estopped from pursuing her claim in this lawsuit.

Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). A fact is "material" if it "might affect the outcome of the suit under governing law." *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Evaluating a motion for summary

---

[3] *See* defendant's exhibit "B" (Huren deposition).

[4] Defendant's Exhibit "D."

[5] Defendant's Exhibit "F."

2

judgment, the court views the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party. *Moore,* 233 F.3d at 874. But conclusory allegations, unsubstantiated assertions, or a mere "scintilla of evidence" will not defeat summary judgment. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) ("We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."). Summary judgment is mandated if the nonmoving party fails to make a showing of evidence sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Judicial Estoppel

Judicial estoppel is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hall v. GE Plastic Pac. PTE Ltd.,* 327 F.3d 391, 396 (5th Cir. 2003) (citations omitted). The purpose of the doctrine is to "protect [ ] the essential integrity of the judicial process" by reducing the "risk of inconsistent court determinations." *New Hampshire v. Maine,* 532 U.S. 742, 750-51 (2001) (internal quotations omitted). Generally, jurisprudence has recognized three requirements to invoke the doctrine: (1) the party's position must be clearly inconsistent with its previous one, (2) the previous court must have accepted the party's earlier position, and (3) the non-disclosure must not have been inadvertent. *In re Superior Crewboats, Inc.,* 374 F.3d 330, 334-335 (5th Cir. 2004); *Hall,* 327 F.3d at 396; *see also New Hampshire,* 532 U.S. at 750-51 (approving of the requirements in *Hall* as general factors rather than inflexible or exhaustive prerequisites).

## Analysis

Employers Mutual argues that Huren's position is clearly inconsistent with her position in

3

the bankruptcy proceeding. In the bankruptcy proceeding, she claimed that she had no interest in any insurance policies at the time of filing on October 16, 2005. The plaintiff had already filed a claim for losses under the Employers Mutual policy when she filed the bankruptcy petition, yet did not disclose this pending claim. The Bankruptcy Court accepted these assertions by the plaintiff and granted a discharge[6] on May 2, 2006. Thus, the first two elements of judicial estoppel have been established.

The third element is not so clearly established. The plaintiff responds that her failure to list the claim against Employers Mutual was inadvertent and that this motion is an attempt by Employers Mutual to "dodge its liability for benefits owed under its homeowner's policy... and the penalties, damages and attorneys' fees that may apply to Huren's claim."[7] In Huren's affidavit, she states that she had hired an attorney to represent her in her bankruptcy prior to Hurricane Rita. She was filing bankruptcy because of medical expenses incurred relating to a motorcycle accident. At the time she met with her bankruptcy attorney, her claim with Employers Mutual did not exist. She testifies that following Hurricane Rita, it did not occur to her to contact her bankruptcy attorney about her claim with Employers Mutual. She did not consider this claim as an "asset" because she thought of it as simply replacing losses suffered in the hurricane. Furthermore, Employers Mutual adjusters allegedly advised her that this disaster, Hurricane Rita, was not covered under her policy, but she

---

[6] Defendant's Exhibit "G."

[7] Plaintiff's Memorandum in Opposition [doc. 27], at 1. Employers Mutual also argues that this Opposition was untimely as it was due May 30, 2008, but was not filed until June 2, 2008. The court, exercising its discretion, will consider this Opposition. *African Am. Voting Rights Legal Def. Fund, Inc. v. Villa*, 54 F.3d 1345, 1350 (8th Cir.1995) (district court has discretion whether to accept or reject untimely filed materials in support of summary judgment motion).

need a "disaster policy." When she was discharged from bankruptcy, she was still negotiating with Employers Mutual. Huren testifies that it was never her intention to withhold information from the bankruptcy court.[8]

The plaintiff argues that Schedule B of the bankruptcy petition asks debtors to identify their interest in personal property. Number 9 on the list is:

> Interests in Insurance Policies. Name insurance company of each policy and itemize *surrender or refund value of each* (emphasis added).

Huren answered "N/A," indicating that this was inapplicable. The Employers Mutual policy, her homeowner insurer, was not a policy with a surrender or refund value. Huren hoped that her losses would be covered, but the net effect would not increase the debtor's estate.

The pivotal question before the Court is whether Huren's failure to list the Employer Mutual policy as an asset in the bankruptcy petition is "inadvertance." In the context of judicial estoppel, "inadvertence" requires either that "the debtor ... lacks knowledge of the undisclosed claim[ ] *or* has no motive for [its] concealment." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (quoting *Coastal Plains*, 179 F.3d 197(emphasis in original). The Fifth Circuit has applied judicial estoppel to bar an unscheduled claim when others, the debtors or other insiders, would benefit to the detriment of creditors if the claim were permitted to proceed. *See id.; In re Coastal Plains, Inc.*, 179 F.3d at 210.

Employers Mutual relies upon that the decision in *In re Superior Crewboats, Inc.*, 374 F.3d 330, to support the argument that judicial estoppel is applicable to the case before at bar as a matter of law. In *In re Superior Crewboats, Inc.*, the court was asked only to consider whether debtors

---

[8] Plaintiff's Exhibit A (Huren's affidavit).

5

could pursue claims for their own benefit that they failed to disclose in their bankruptcy schedules. *Id.* at 334. In that case, one of the debtors was allegedly injured disembarking a ship owned and operated by the defendant. *Id.* at 333. Subsequently, he and his wife filed for Chapter 13 bankruptcy and failed to disclose their potential claim. *Id.* While their bankruptcy case was pending, the debtors sued the defendant in state court without amending their bankruptcy schedules to include the claim. *Id.* The debtors' bankruptcy was converted from Chapter 13 to Chapter 7. *Id.* And, at the creditors' meeting required under 11 U.S.C. § 341, the debtors told the bankruptcy trustee about their claim against the defendant, but represented that it was prescribed by the statute of limitations. *Id.*

Shortly after the meeting, the trustee formally abandoned the claim pursuant to 11 U.S.C. § 554, *id.*, and the interest in the claim reverted to the debtors as though the bankruptcy had never been filed, *see* § 554; 5 *Collier on Bankruptcy* § 554.02[3]; *see also In re Lair*, 235 B.R. at 22; *In re CVA Gen. Contractors, Inc.*, 267 B.R. 773, 780 n. 7 (Bankr. W. D. Tex. 2001). A few months after the debtors received their discharge, they responded to an admiralty limitation of liability proceeding filed by the defendant with a complaint to recover damages for the one debtor's alleged injury. *In re Superior Crewboats, Inc.*, 374 F.3d at 333. The defendant in that case informed the trustee that the debtors were continuing to pursue their pre-petition claim, and the trustee moved to reopen the bankruptcy. *Id.* The defendant filed a motion to dismiss arguing that the debtors' "claim was barred by judicial estoppel and Fed. R. Civ. P. 17(a), which requires a suit to be brought by the real party in interest." *Id.* at 334. In response to the defendant's motion for summary judgment, the trustee filed a motion to substitute himself as the proper party in interest under Rule 17(a). *Id.* at 333-34. The Fifth Circuit concluded, on those facts, that the debtors were barred from pursuing their claim by the equitable doctrine of judicial estoppel, and that the trustee's Rule 17(a) motion was moot after the

court granted summary judgment for defendants. *Id.* at 336. The court reasoned that, because the trustee had abandoned the claim, he was not the real party in interest and was not entitled to be substituted as such. Rather, following the trustee's abandonment, the interest in the claim had reverted to the debtors, who then stood to collect a windfall from their failure to schedule the asset at the expense of their creditors.

A very recent case, *Kane v. National Union Fire Ins. Co.*, 535 F.3d. 380 (5th Cir. 2008), involved a party filing bankruptcy who failed to include a personal injury action in the bankruptcy schedule. In *Kane*, as in the case at bar, the trustee was substituted for the debtors as the real party in interest. In *Kane*, the defendant filed a motion for summary judgment claiming that the plaintiffs were judicially estopped from pursuing their claim as a matter of law relying on *In re Superior Crew Boats*. The Fifth Circuit reversed the trial court's summary judgment in favor of the defendants and limited *In re Superior Crew Boats* to its facts, relying primarily on the fact that the debtors would have been allowed to pursue their claim for their own benefit, despite their failure to disclose the claim in the bankruptcy proceeding. The court reasoned that, in *Kane* the trustee was the real party in interest and had reopened the Chapter 7 bankruptcy to pursue the Kanes' claim for the benefit of the estate's creditors.[9]

The court also noted that the Kanes stood to benefit only in the event that there was a surplus after all debts and fees had been paid. As the bankruptcy court aptly observed in *In re Miller*, "There is a statutorily explicit difference between cases in which property is not listed in the [b]ankruptcy

---

[9] The court distinguished *In re Superior Crewboats, Inc.* where the debtors stood to benefit directly from pursuing their claim at the expense of their creditors and the district court's dismissal of the claim against the debtors mooted the trustee's motion to substitute as a matter of law.

7

[s]chedules but is disclosed and administered (as in the *Superior Crewboats* case ...) and the instant case in which property was not disclosed and was not administered." 347 B.R. at 53. Consequently, the court in *Kane* held that *In re Superior Crewboats, Inc.* did not require the application of the equitable doctrine of judicial estoppel in that case as a matter of law.

The court also distinguished *In re Coastal Plains, Inc.*, 179 F.3d 197. Key to the decision in *In re Coastal Plains, Inc.* was the fact that an insider, the CEO of the debtor corporation who formed a new corporation and purchased the assets of the debtor corporation at a fraction of their value due to his own failure to disclose claims at issue in the case, would benefit in great disproportion to the estate. *Id.* at 202-03, 212. The court found, based upon the facts of that case, that judicial estoppel was intended to prevent just such a process. *Id.* at 213.

## Conclusion

There is a genuine issue of material fact in the determination of whether Huren inadvertently failed to disclose the existence of the insurance policy and the claim following Hurricane Rita.

In this case the trustee has reopened the case to pursue Huren's claim for the benefit of the creditors and the only way the Huren's creditors would be harmed is if judicial estoppel were applied to bar the trustee from pursuing the claim against defendant on behalf of the estate. In this case, equity favors the trustee. Accordingly, summary judgment based upon judicial estoppel will be denied.

Lake Charles, Louisiana, this 21 day of October, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE