U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 2 2 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| VANESSA HUREN | : | DOCKET NO. 2:07 CV 1255 |
| VS. | : | JUDGE MINALDI |
| EMPLOYERS MUTUAL CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion for Partial Summary Judgment [doc. 24] filed by the defendant, Employers Mutual Casualty Company ("Employers Mutual"). The plaintiff, Vanessa Huren ("Huren"), filed an Opposition [doc. 28]. Employers Mutual filed a Supplemental Memorandum in Support [doc.41] of the Motion for Partial Summary Judgment.

**Facts**

Employers Mutual issued a homeowners insurance policy[1] to the plaintiff, insuring her property located at 2417 Oak Park Boulevard, Lake Charles, Louisiana. The term of the policy was July 1, 2005 through July 1, 2006.

On September 24, 2005, Hurricane Rita struck portions of southwest Louisiana, causing the plaintiff certain property losses covered under her policy. The plaintiff and Employers Mutual have disagreed as to the amount of loss. The plaintiff filed suit against Employers Mutual in state court and the defendant removed the case to this court based upon diversity of citizenship jurisdiction.

Within one day of being advised of Huren's claim, Employers Mutual issued a $1,000.00

---

[1] Defendant's Exhibit "A."

advance for living expenses.[2] Employers Mutual then retained David Sullivan, of United Storm Adjustors ("USA")[3] to inspect the property. This inspection was completed on October 13, 2005. USA's report documented losses to be $1,717.03 for hurricane related damage and $550.00 for additional living expenses.[4] The total amount paid to Huren was $1,380.28. The total cost of repair and additional living expense, less the $1,000.00 deductible under the policy, did not exceed the amount advanced to the plaintiff, so Employers Mutual made no further payment.[5]

On February 23, 2006, Employers Mutual learned through the insurance agent that Huren was contending that there was an extensive amount of additional damage to her home, but Huren did not provide an estimate or other support for this contention.[6] Richard Howell of USA reinspected the property, at Employer Mutual's request, on May 1, 2006.[7] On March 3, 2006, Employers Mutual received USA's supplemental report confirming the conclusion of the original report.[8] Relying upon this report, Employers Mutual made no further payment.[9]

On June 14, 2006, Employers Mutual received a report from an engineer retained by Huren, which concluded that certain damage to Huren's property was caused by wind, yet this report

---

[2] Defendant's exhibit "B" (Affidavit of Gary Friess, claims adjustor with Employers Mutual).

[3] *See id.* ¶6.

[4] *See id.* ¶7.

[5] *See id.* ¶8.

[6] *See id.* ¶9.

[7] *See id.* ¶10.

[8] *See id.* ¶11.

[9] *See id.* ¶12.

2

assigned no value to that damage.[10] Employers Mutual then retained VECO Consulting, L.L.C. ("VECO") to reinspect the property.[11] The plaintiff was in the hospital, so the inspection could not be conducted until July 14, 2006.[12] Employers Mutual received VECO's report on July 20, 2006.[13] Based upon VECO's report, Employers Mutual issued a supplemental payment for $380.28 on August 16, 2008.[14]

On May 13, 2007, Employers Mutual received a report from R&D Insurance Consultants, which had been retained by Huren, alleging damages totaling $74,705.79, along with a demand letter from Huren's attorney.[15] On June 14, 2007, Employers Mutual sent correspondence to the plaintiff's attorney explaining that inspections had been conducted on three separate occasions and that they had paid all damages they believe were owed under the policy.[16]

## Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). A fact is "material" if it "might affect the outcome of the suit under governing law." *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (quoting

---

[10] *See id.* ¶14.

[11] *See id.* ¶15.

[12] *See id.* ¶15.

[13] *See id.* ¶¶ 15, 16.

[14] *See id.* ¶17.

[15] *See id.* ¶ 18.

[16] *See id.* ¶ 19.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Evaluating a motion for summary judgment, the court views the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party. *Moore*, 233 F.3d at 874. But conclusory allegations, unsubstantiated assertions, or a mere "scintilla of evidence" will not defeat summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ("We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."). Summary judgment is mandated if the nonmoving party fails to make a showing of evidence sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Analysis

At issue is whether the plaintiff is entitled to penalties and damages pursuant to La. R.S. 22:658 and 22:1220. Employers Mutual asserts that it adjusted the claim in good faith and timely tendered what it owed, precluding penalties and damages. The plaintiff argues that this is a question of fact, which is inappropriate for summary judgment.

The prohibited conduct under La. R.S. 22:658 and 22:1220 is virtually identical: "the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause." *Reed v. State Farm Mut. Auto.*, 03-0107, p. 12 (La.10/21/03); 857 So.2d 1012, 1020 (citing *Calogero v. Safeway Ins. Co. of Louisiana*, 99-1625, p. 7 (La.1/19/00), 753 So.2d 170, 174).[17] Because these two statutes are penal in nature, they are strictly construed. *Reed*, 03-0107 at pp. 12-13, 857 So.2d at 1020 (citing *Hart v. Allstate Insurance Company*, 437

---

[17] The primary difference between these two statutes is the different time periods allowed for payment-thirty days under La. R.S. 22:658 and sixty days under La. R.S. 22:1220.

4

So.2d 823, 827 (La. 1983)).

The claimant seeking to recover under these two statutes has the burden of establishing three things: 1) the insurer received a satisfactory proof of loss; 2) the insurer failed to pay the claim within the applicable statutory period; and 3) the insurer's failure to pay was arbitrary and capricious. *Boudreaux v. State Farm Mut. Auto.*, 04-1339, p. 4 (La.App. 4 Cir. 2/2/05), 896 So.2d 230, 233; *Sterling v. U.S. Agencies Cas.*, 01-2360, p. 6 (La.App. 4 Cir. 5/15/02), 818 So.2d 1053, 1057. When "there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits." *Reed*, 03-0107 at p. 13, 857 So.2d at 1021 (citing *Block v. St. Paul Fire & Marine Ins. Co.*, 32,306, p. 7 (La.App. 2 Cir. 9/22/99), 742 So.2d 746, 751); *Boudreaux, supra.* A trial court's determination that an insurer's handling of a claim was not arbitrary, capricious, or without probable cause is a factual finding. *Reed*, 03-0107 at p. 14, 857 So.2d at 1021 (citing *Scott v. Insurance Co. of North America*, 485 So.2d 50, 52 (La. 1986)).

To initiate loss adjustment requires that " 'the insurer take some substantive and affirmative step to accumulate the facts that are necessary to evaluate the claim.' " *Hollier v. State Farm Mut. Auto. Ins. Co.*, 01-0592, p. 4 (La. App. 4 Cir. 10/31/01), 799 So.2d 793, 797, quoting *McClendon v. Economy Fire & Cas. Ins. Co.*, 98-1537, p. 7 (La.App. 3 Cir. 4/7/99); 732 So.2d 727, 731. The facts establish that Huren made the initial claim on September 29, 2005. An inspection was conducted on October 13, 2005. Defendant's Exhibit "B" does not detail precisely what steps were taken on this date. The plaintiff asserts that it is up to the jury to determine if the steps taken were "substantive and affirmative."

Employers Mutual received a claim for $74,705.79 on May 13, 2007. Employers Mutual

5

dismissed the claim based upon their prior inspections.[18] Employers Mutual took the position that they owed no payment based upon those inspections. The plaintiff again argues that this is a question for the jury. The jury could find, based upon the report showing $74,705.79 still owed, that Employers Mutual was arbitrary and capricious in failing to make additional payments under the policy.

## Conclusion

There is a genuine issue of material fact presented by the conflicting damage assessments. Employers Mutual considered the plaintiff's expert evaluation to be "grossly overscoped and overpriced,"[19] which, if true, does not constitute "satisfactory proof of loss." Likewise, Employers Mutual asserted that it made every effort to act in good faith, which the plaintiff disputes since no investigation occurred after the September 2007 demand letter was received. The plaintiff submits that these are questions for the jury and the court agrees. There is a genuine issue of fact on the issues of penalties and damages which precludes summary judgment; accordingly the defendant's Motion for Partial Summary Judgment will be denied.

Lake Charles, Louisiana, this _22_ day of October, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[18] Pl.'s Ex. "B" (Memorandum in Opposition).

[19] Defendant's Supplemental Memorandum, p. 8.

6