U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 13 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| VANESSA HUREN | : | DOCKET NO. 07-CV-1255 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| EMPLOYERS MUTUAL CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the Court is a *Daubert* motion, [doc. 68], filed by Employers Mutual Casualty Company (hereinafter "EMC"). The plaintiff, Vanessa Huren (hereinafter "Huren"), filed an Opposition [doc. 71]. This matter is set for jury trial on March 23, 2009.

### FEDERAL RULE OF EVIDENCE 702

Fed. R. Evid. 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court tasked the federal district courts with a gatekeeper function to keep unreliable expert testimony out of evidence. 509 U.S. at 589. The party seeking to introduce the expert's testimony must prove by a preponderance of the evidence that the expert is qualified, the testimony is reliable, and that the testimony is relevant. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The 2000

1

Federal Rules of Evidence Advisory Committee notes state:

> [n]othing in this amendment is intended to suggest that experience alone-or experience in conjunction with other knowledge, skill, training or education-may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience.

Fed. R. Ev. 702, 2000 Amends. Adv. Comm. Notes.

The *Daubert* Court articulated a non-exclusive and non-dispositive checklist for federal district courts to use when assessing the reliability of expert testimony. *Id.* This gate-keeping function extends to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Trial judges have "considerable leeway in...determining whether particular expert testimony is reliable." *Id.* at 155. "Both the determination of reliability and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under Fed. R. Evid. 702." *Munoz v. Orr*, 200 F.3d 291, 301-02 (5th Cir. 2000).

The first prong of *Daubert* "focuses on whether the expert testimony is based on a reliable methodology...." *Daubert*, 509 U.S. at 595.

> [T]he party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are based on the scientific method, and, therefore, are reliable. This requires some objective, independent validation of the expert's methodology. The expert's assurances that he has utilized generally accepted scientific methodology is insufficient.

*Moore*, 151 F.3d at 276.

Pursuant to the second prong of *Daubert*, testimony must be "relevant not simply in the sense that all testimony must be relevant, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact at issue." *Bocanegra v. Vicmar Services, Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

## ANALYSIS

EMC seeks to preclude Cal Chambers, a public property and casualty adjuster, from testifying as an expert adjuster at trial. EMC first seeks to exclude Mr. Chambers because he did not "photograph, note on paper, or otherwise document the alleged water damage he purports to have seen." EMC thus argues his calculations are incapable of being reproduced. Next, EMC argues that Mr. Chambers is not qualified to render an opinion as to causation. EMC further argues that Mr. Chambers' opinions are unreliable because he visually inspected the house, performed measurements, and used a software program to obtain an estimate of the repairs.[1]

Ms. Huren opposes the motion. She notes that Mr. Chambers has been qualified as an expert claims adjuster in several courts, including this Court. Further, Mr. Chambers based his opinion on an inspection of the home, and used the software program Power Claim to assign values to the damage, which she argues is scientifically accepted. Ms. Huren also argues that Mr. Chambers has worked in insurance adjusting for five years and has extensive experience in adjusting hurricane-damaged homes. Prior to becoming an adjuster, Mr. Chambers worked in the construction business for fifteen years.

EMC stated that Mr. Chambers' deposition was not complete and it would supplement its motion with the deposition. No supplement has been filed into the record, and therefore this Court only has the expert report and five pages of deposition testimony submitted by the plaintiff in her opposition.

This Court qualified Mr. Chambers as an expert appraiser in *Stevens v. Auto Club Family Insurance Company*, 06-cv-1885, and has therefore already examined his qualifications and methodology for compiling such reports, and found it satisfies *Daubert* standards. Having examined

---

[1] Def.'s Ex. A (Chambers' Report).

Mr. Chambers' report in this case, this Court finds that it also satisfies *Daubert* standards. Accordingly, Mr. Chambers shall be qualified as an expert claims adjuster for trial. Furthermore, although Mr. Chambers is not qualified to provide an expert opinion as to causation, he may testify as a lay witness under Federal Rule of Evidence 701 as to his opinions on causation that are rationally based upon his perception; accordingly,

IT IS ORDERED that EMC's *Daubert* motion, [doc. 68], is hereby DENIED.

Lake Charles, Louisiana, this 12 day of March, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE